United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANG XIAO, | No. C 07-00556 SI |
| Plaintiff, | **ORDER VACATING HEARING AND DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| EMILIO T. GONZALEZ, et al., | |
| Defendants. | |

Defendants have moved to dismiss plaintiff's complaint for lack of jurisdiction and for failure to state a claim. Hearing on the motion is currently scheduled for August 14, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument and hereby VACATES the August 14, 2007 hearing. The Initial Case Management Conference scheduled for August 14 remains on calendar. Having considered the papers submitted, and for good cause shown, the Court DENIES defendants' motion.

**BACKGROUND**

On December 16, 2004, plaintiff Liang Xiao filed an Application to Adjust to Permanent Resident Status ("I-485 application") to adjust his immigration status to lawful permanent resident. Complaint for Declaratory Relief in the Nature of Mandamus ("Complaint") ¶ 2. Plaintiff's application is still pending. *Id.*

The application is still pending because the Federal Bureau of Investigation (FBI) has not completed its name check procedure, which is part of the security and background check performed by the FBI as part of an I-485 application. Complaint ¶ 8; *see also* Motion to Dismiss ("Mot.") at 4. The

name check program's mission is to provide information to federal agencies such as the USCIS from the FBI's Central Records System. Jacobson Decl. ¶ 10. Approximately ten percent of applicants are identified as possibly having an FBI Record. Jacobson Decl., Attachment at 2. At that point, the record must be reviewed. *Id.* In the past few years, heightened national security concerns have resulted in delays in processing name checks for USCIS. Jacobson Decl. ¶ 12.

Plaintiff alleges that the delays in processing his I-485 application have caused him damage, and seeks mandamus relief from the Court, praying that the Court enter an order requiring defendants to expedite the processing of his FBI name check and I-485 application. Complaint ¶¶ 10, 12, 14. Defendants now move to dismiss plaintiff's Complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6)[1].

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to plaintiff. *See NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A court may resolve factual disputes in determining the existence of jurisdiction without converting the motion to one for summary judgment. *See Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (*citing Thornhill Pub. v. General Telephone & Electronics*, 594 F.2d 730, 733 (9th Cir. 1979)).

---

[1] Defendants' Rule 12(b)(6) motion is based solely on a lack of jurisdiction argument, and the Court will therefore treat it as a Rule 12(b)(1) motion.

**DISCUSSION**

Plaintiff argues that the Court has jurisdiction to hear this action pursuant to the writ of mandamus, the Administrative Procedure Act (APA), and the Immigration and Nationality Act (INA).

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "A writ of mandamus is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (quoting case).

"The APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004) (quoting 5 U.S.C. § 702). "'Agency action' is defined in § 551(13) to include 'the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*.' The APA provides relief for a failure to act in § 706(1): 'The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed.'" *Norton*, 542 U.S. at 61-62 (emphasis in original). In addition, section 555(b) of the APA states: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." As with a writ of mandamus, the APA "empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act," and an APA claim "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton*, 542 U.S. at 64 (quotation marks and citations omitted). "Of course § 706(1) also authorizes courts to 'compel agency action . . . unreasonably delayed' – but a delay cannot be unreasonable with respect to action that is not required." *Id.* at 64 n.1.

Relief under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty. *See Gelfer v. Chertoff*, No. C 06-06724, 2007 U.S. Dist. LEXIS 26466, at *7 (N.D. Cal. Mar. 22, 2007), citing *Independence Mining Co. v. Babbitt*, 105 F.3d

3

502, 507 (9th Cir. 1997).

Defendants in this case argue that plaintiff cannot establish jurisdiction because plaintiff has no "clear right to immediate adjudication," and defendants have no "clear, ministerial duty to act within a particular time frame." Mot. at 2:19-20. For the following reasons, the Court disagrees.

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to adjust the permanent resident status of certain aliens who reside in the United States. *See* 8 U.S.C. § 1255. Section 1255(a) provides that

> [t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion *and under such regulations as he may prescribe*, to that of an alien lawfully admitted for permanent residence[.]

8 U.S.C. 1255(a) (emphasis added).

Section 245.2 of chapter 8 of the Code of Federal Regulations establishes the process by which an immigrant can apply to adjust his/her status to that of a Legal Permanent Resident. "An application for adjustment of status is made on Form I-485A." 8 C.F.R. § 245.2(a)(3)(iv). Subsection 245.2(a)(5) provides, in pertinent part: "Decision -- (i) General. The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial."

The Court agrees with the many district courts that have held that, taken together, the APA, the INA, and section 245.2(a)(5) of the CFR establish a clear and certain right to have immigration status adjustment applications adjudicated, and to have them adjudicated within a reasonable time frame.[2] *See Singh v. Still*, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007) ("petitioners whose applications for adjustment in status are properly before the INS . . . have a right, enforceable through a writ of mandamus, to have the applications processed within a reasonable time.") (quoting case); *Gelfer v. Chertoff*, No. C 06-6724 WHA, 2007 U.S. Dist. LEXIS 26466, at *4-*5 (N.D. Cal. Mar. 22, 2007) ("Allowing the respondents a limitless amount of time to adjudicate petitioner's [I-485] application

---

[2]Defendants also argue that 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of jurisdiction. That subdivision provides, in pertinent part: "no court shall have jurisdiction to review – . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). As discussed, however, the decision of whether to adjudicate an application, and how long to delay in doing so, is not within the discretion of the Attorney General. Accordingly, 8 U.S.C. § 1252(a)(2)(B)(ii) does not strip this Court of jurisdiction.

would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. 555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R. 245.2(a)(5)"); *Aboushaban v. Mueller*, No. C. 06-1280 BZ, 2006 WL 3041086, at *2 (N.D. Cal. Oct. 24, 2006) ("I read the statutory text as creating a non-discretionary duty to adjudicate the plaintiff's [change of status] application."); *Song v. Klapakas*, No. 06-5589, 2007 U.S. Dist. LEXIS 27203, at *10 (E.D. Penn. April 12, 2007) ("even though the actual decision to grant or deny an application for adjustment is discretionary, UCIS has a non-discretionary duty to act on applications within a reasonable time."); *see also Razaq v. Poulos*, No. C. 06-2461 WDB, 2007 U.S. Dist. LEXIS 770, at *7 (N.D. Cal. Jan. 8, 2007) (processing an I-130 marital-based status application "is ministerial and, therefore, . . . the Court has jurisdiction to consider whether to issue" a writ of mandamus).

This Court has jurisdiction to hear plaintiff's complaint under both the writ of mandamus and the APA. Plaintiff alleges in his complaint that defendants have delayed almost three years in adjudicating his I-485 application. Defendants have provided a detailed description of the FBI name-check process in an attempt to explain the delay. The Court has reviewed defendants' papers, and finds nothing to compel the conclusion that three years is a "reasonable time" as a matter of law. The amount of time that is reasonable is a fact-specific inquiry, which is premature at this stage. *See Yu v. Brown*, 36 F. Supp. 2d 922, 934 (D.N.M. 1999) ("What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case."); *see also Gelfer*, 2007 U.S. Dist. LEXIS 26466 at *6 ("On this motion to dismiss, it is premature to consider the exact sources of the delay to determine whether the delay was actually unreasonable under the circumstances.").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss for lack of jurisdiction and failure to state a claim. [Docket No. 10]

**IT IS SO ORDERED.**

Dated: September 10, 2007

SUSAN ILLSTON
United States District Judge

5